■ In the Matter of the Claim of MARTIN O'SHEA, Appellant, v CITY OF BINGHAMTON et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 26, 1978. A referee held that the claimant had sustained a compensable aggravation/activation of pre-existing tuberculosis due to smoke inhalation on October 7, 1974, and awarded benefits for the period of November 5, 1974 to December 30, 1975 at temporary total disability and from December 30, 1975 to January 13, 1977 at one-third partial disability. The employer and its insurance carrier appealed that decision to the board upon the ground that as to the period of November 5, 1974 to December 30, 1975 the claimant had not shown any *disability* causally related to the tuberculosis and that as of June 3, 1976 the tuberculosis was no longer disabling. The board's decision recites: "After review, the Board finds on the medical evidence that the claimant herein had a temporary aggravation of his tubercular condition due to smoke inhalation on October 7, 1974 and that claimant's disability from November 5, 1974 to December 30, 1975 was due to the pre-existing tuberculosis. The disability from December 30, 1975 to June 3, 1976 was mild and partial. Thereafter, claimant had no evidence of further causally related disability attributable to accidental injury of October 7, 1974. We so find." Based upon these findings, the board *rescinded* the award from November 5 to December 30, 1975 and limited the award for partial disability to the period ending June 3, 1976. The claimant appeals upon the grounds that the rescission of benefits for the period of November 5, 1974 to December 30, 1975 is in contradiction of the board's own findings and, further, that the medical evidence relied upon by the board shows a continuing disability after June 3, 1976. The claimant's contention that the board misinterpreted or "misread" the report and testimony of the carrier's medical consultant is not persuasive. That expert found that there was no further measurable disability for active tuberculosis as of June 3, 1976. The board's conclusion that there was no further compensable disability after

June 3, 1976 is supported by substantial evidence. The employer and insurance carrier concede upon this appeal that there was evidence of disability for the period of December 22, 1975 to December 30, 1975 and that there was also evidence of disability for the period of November 14, 1975 to November 20, 1975 and admit that the board erred at least to that extent. Upon a review of the medical reports and the board's own findings, the conclusion that the board's rescission of the award for the period of November 5, 1974 to December 30, 1975 was arbitrary and capricious and without the support of substantial evidence is inescapable. The report of claimant's attending physician, dated November 5, 1974, recites that he advised the claimant to then stop working, and his final report, dated November 20, 1974, recited that he had treated the claimant on November 13, 1974 and that the claimant *"remained* disabled due to injury resulting in bronchitis until 11/20/74 (from 11/14/74)." (Emphasis added.) In that final report, the attending physician noted that he was transferring the claimant to a Dr. A. La Sorte on November 20, 1974 and that claimant *"was admitted* to Lourdes Hospital * * * causative relation between present illness and above injury not established as of 11/5/74 until today." (Emphasis added.) On December 9, 1974, Dr. La Sorte reported to the insurer that the claimant had active tuberculosis and was being treated for such condition, but that in his opinion the tuberculosis was not caused by the fire. (However, the board has found that the condition was compensably related to the fire.) On December 30, 1975, a Dr. Ryan issued a report which recites that the tuberculosis had remained active and required treatment since the admission to Lourdes Hospital in November of 1974. Upon the foregoing reports, it is well established that the concurrent disability which claimant's doctor mentioned in the report of November 20, 1974 was the active tuberculosis which has been found by the board to be causally connected with the employment. It also appears that he was completely disabled because of that condition on November 20, 1974 by reason of being admitted to the Lourdes Hospital and should have received benefits for that period. Since the present record does not contain substantial evidence to support the denial of an award for the period of November 5, 1974 to December 30, 1975 and the employer and insurer concede error as to a portion of that period, the matter must be remitted to the board for further consideration. Decision modified, by reversing so much thereof as rescinds the referee's award for the period of November 5, 1974 to December 30, 1975, and, as so modified, affirmed, with costs to the claimant against the employer and its insurance carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Staley, Jr., Mikoll and Herlihy, JJ., concur.